The judgment will be reversed, and the cause remanded.

---

## VEST v. STATE. (No. 10502.)

(Court of Criminal Appeals of Texas. Feb. 9, 1927.)

1. **Criminal law** &#9758;741(1)—**Where state had not wholly failed to make out case, jury having heard evidence, it became their province to determine guilt of accused under appropriate instructions.**

Jury, having heard all evidence, it became their province under appropriate instructions from court to determine guilt or innocence of accused, where it did not appear that state had wholly failed to make out its case.

2. **Criminal law** &#9758;677—**Whether certain testimony shall be withdrawn from jury is within sound discretion of court.**

Whether or not certain testimony shall be withdrawn from consideration of jury is within sound discretion of court.

3. **Criminal law** &#9758;1153(1)—**Appellate court will not revise ruling of trial court regarding withdrawing testimony from jury, unless he abuses discretion.**

Court of Criminal Appeals will not revise ruling of trial court, on question whether or not certain testimony shall be withdrawn from consideration of jury, unless he abuses his discretion.

*Commissioners' Decision.*

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Roy Vest was convicted of burglary, and he appeals. Affirmed.

Umphres, Mood & Clayton, of Amarillo, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BETHEA, J. The appellant was convicted of burglary and his punishment assessed at

two years' confinement in the penitentiary. There are no bills of exception in the record.

[1-3] The appellant complains of the action of the trial court in refusing to give special charges 1, 2, 3, 4, 6, 8, and 9. We are unable to agree with the contention of the appellant. All of said special charges, except special charge No. 1, virtually instructed the jury to return a verdict of not guilty. The jury having heard all the evidence, it became their province, under appropriate instructions from the court, to determine the guilt or innocence of the appellant, it not appearing that the state had wholly failed to make out its case.

It is within the sound discretion of the court as to whether or not certain testimony shall be withdrawn from the consideration of the jury, and this court will not revise the ruling of the trial court unless he abuses same. The main charge of the court fully covers the facts in this case. The learned trial court, in his main charge and in the five special charges asked for by appellant and given by the court, fully and ably charged the law and applied same to the facts in this case.

There being no errors in the record, the judgment of the trial court is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.